UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM SHORTER, JR.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1203 (RBW) |
| ) | |
| v. ) | |
| ) | |
| **HARLEY LAPPIN,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT'S MOTION TO ENLARGE TIME
### TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Defendant, Federal Bureau of Prisons, respectfully moves for an enlargement of time for all Federal Defendants to file an answer or otherwise respond to the complaint in this case pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure. Defendants' response is currently due December 3, 2005. Defendant requests an enlargement of time until January 3, 2006, to file an answer or otherwise respond to the complaint.

Plaintiff, a *pro se* prisoner, brings this Bivens action against the Federal Bureau of Prisons, Harley Lappin, Harrell Watts, K.M. White, Denise Gottlieb, Joseph Brooks, and nine (9) other individuals[1]. Plaintiff has sued each of the federal defendants in their official and individual capacity. Plaintiff has not completed proper service of all of the federal defendants at this time.

Because it is a Bivens action, the individual federal defendants sued in their personal capacities, have requested legal representation by the Department of Justice ("DOJ"), pursuant to 28 C.F.R. § 50.15. Defendants Lappin, White, and Brooks have started, but have not completed, the

---

[1] In making this motion for an extension of time, the defendants Harley Lappin, Harrell Watts, K.M. White, Denise Gottlieb, and Joseph Brooks do not waive any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.


process of requesting DOJ representation from the Torts Branch. Accordingly, this Office cannot yet represent the individual Defendants.

Because the defenses of the individual federal defendants as individual defendants will be quite similar, and likely overlap those of the Federal Bureau of Prisons, it makes sense for the Court to permit this Office to present a single response to the complaint at one time. Therefore, the enlargement will serve judicial economy.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[2]

November 30, 2005                                Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

---

JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss non-dispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

## Certificate of Service

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

William Shorter, Jr.
Reg No. 42863-083
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512


on this 30th day of November, 2005.

 

_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney