UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SHORTER, JR., ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No.: 05-1203(RBW) |
| ) | |
| HARLEY LAPPIN, et al., ) | |
| Defendants, ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO

DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME

Comes the plaintiff, William Shorter, Jr., pro se, and does hereby respectfully move this court for an order denying defendant's second request for enlargement of time and does state as follows:

PRELIMINARY STATEMENT

As a preliminary matter, the plaintiff avers that he is not an attorney; has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The plaintiff seeks notice of such limitations and prays this court to construe his pleadings liberally in light of the Supreme Court holding in Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319 (1972); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Hill v. U.S., 368 U.S. 424, 430 (1962).

The allegations and averments in a pro se pleading must be taken as true and construed in favor of the defendant. See <u>Malone v. Colyer</u>, 710 F.2d 258, 260 (6th Cir. 1983).

On October 5, 2005, this court granted the defendants' first request to enlarge the time to respond. At that time the defendants were given 60 days, or until December 3, 2005, to file their response.

The defendants are back before this court again asking for an extension to respond until January 3, 2006. The defendants have filed exactly the same motion for the exact same reasons as set forth the first time.

The plaintiff adamantly opposes this extension of time and avers it is for no purpose other than delay. The inmate is a pro se incarcerated inmate with very little legal knowledge or resources and yet has not, nor will not, ever intentionally delay this litigation.

The defendants on the other hand are represented by the near limitless resources of the United States Department of Justice who comes to the court with all the means and manpower at their disposal. The plaintiff avers this is not a complex matter or one forcing an especially onerous amount of investigation. The defendant's claim, however, does deal with serious matters which should have been dealt with long ago.

Finally, the plaintiff realizes this enlargement of time may well be granted before the court receives this opposition. The

plaintiff would then ask the court to enter an Order prohibiting any further delays and imposing sanctions and/or defaults for failure to meet further deadlines.

THEREFORE, the plaintiff prays the court will deny this second and successive enlargement of time to respond and/or prohibit any further delay tactics made by the defendants.

Respectfully submitted,

December 7, 2005

*William Shorter, Jr.*
William Shorter, Jr.
#42863-083
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

CERTIFICATE OF SERVICE

I, William Shorter, Jr., do hereby certify that the original of this document, Plaintiff's Response in Opposition to Defendants' Second Motion for Enlargement of Time, was filed with the court clerk identified below and a true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the 7 day of December 2005.

William Shorter, Jr.
#42863-083  HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Clerk of the Court
U.S. District Court
District of Columbia
333 Constitution Ave, N.W.
Washington, DC 20001

Kenneth L. Wainstein, AUSA
R. Craig Lawrence, AUSA
John Henault, AUSA
555 4th Street, N.W.
Washington, DC 20530