UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SHORTER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARLEY LAPPIN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-1203 (RBW) |

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Federal defendants Harley Lappin, Harrell Watts, K.M. White, Denise Gottlieb, Joseph Brooks, and the Federal Bureau of Prisons, by and through undersigned counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(2), (3) and (6), for dismissal of this action for lack of in personam jurisdiction over the defendants, improper venue, qualified immunity, no personal involvement, and failure to state a claim upon which relief may be granted. In the alternative, in the event that the Court determines not to dismiss this case, defendants move pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1404(a), that the Court exercise its discretion to transfer venue to the Northern District of Ohio (the judicial district where FCI Elkton is located). At this time, service upon the individually-named defendant Joseph Brooks has not been perfected.[1]

---

[1] Defendant Brooks has not been individually or officially served and so is yet to be a defendant in this action, but even if he was, it is clear he would be entitled to qualified immunity from suit for personal damages if his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 134 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Siegert v. Gilley, 111 S. Ct. 1789 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984).

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points And Authorities and attachments thereto, and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

January 3, 2006.                     Respectfully submitted,


\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


\_\_\_/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 307-1249
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SHORTER, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1203 (RBW) |
| ) | |
| v. ) | |
| ) | |
| HARLEY LAPPIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER**

Defendants hereby submit this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.   Introduction**

Plaintiff, *pro se* in this action, is federal inmate William Shorter, Register Number 42863-083, presently incarcerated at the Federal Medical Center in Lexington, Kentucky.  See Public Information Inmate Data.  Previously, plaintiff was housed at the Federal Medical Center in Elkton, Ohio and at FCI Petersburg, Virginia.

Plaintiff alleges that he was denied medical care while suffering a heart attack on August 13, 2002 at FCI Elkton.  See Complaint at 41.  Plaintiff filed an administrative Federal Tort Claims Act ("FTCA") claim concerning the matter on June 19, 2004 indicating that he was dissatisfied with his medical treatment at FCI Elkton and FCI Petersburg.  See Complaint at 66.  The claim was denied by Defendant Regional Counsel Henry J. Sadowski on December 10, 2004.  Id.

Plaintiff seeks compensatory damages from the following individuals and entities: (1)

unknown defendants in the amount of $1,500,000; (2) defendants Lappin, Watts, White, Gottlieb, and Brooks in the amount of $250,000; (3) $10,000,000 from the BOP; (4) all damages under the FTCA; (5) $2,500,000 against all named defendants; (5) attorney's fees; and (6) his costs, and other relief, including equitable remedies, as the Court may find proper. See Complaint at pgs. 18-20.

## II.     Standard of Review

### A.  Requests for Dismissal

Defendants move for dismissal of plaintiff's complaint under Rule 12(b)(6) for failure to state a claim.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999). In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). From the facts alleged in the complaint in this case, it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.

**III.   Argument**

**A.   This Court Lacks In Personam Jurisdiction Over the Defendants**.

Plaintiff has not shown that any of the defendants named in this lawsuit are residents of the District of Columbia.  Therefore, there is no in personam jurisdiction.

**a. Plaintiff's Burden.**

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court.  See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999).  As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10 (D. D.C. 1989):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court.  "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.  All defendants are moving for their dismissal from this lawsuit based upon lack of in personam jurisdiction, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.

**b. D.C. Code §13-423, the "Long Arm" statute.**

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1978).  The District of Columbia exercises personal jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which

states in relevant part:

>   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
>   >   (1) transacting any business in the District of Columbia;
>   >
>   >   (2) contracting to supply services in the District of Columbia;
>   >
>   >   (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
>   >
>   >   (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>   >
>   >   (5) having an interest in, using, or possessing real property in the District of Columbia;
>   >
>   >   (6) contracting to insure or act as surety . . . ; or
>   >
>   >   (7) marital or parent and child relationship. . . .
>
>   (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423. <u>Crane</u> at 762. The defendants are obviously outside the "long arm" of this statute. They have not transacted business in the District of Columbia, have not contracted to supply services in the District of Columbia, and have not caused any tortuous injury in the District of Columbia. *In personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not and cannot claim that the federal employees at the

federal prisons where he was housed outside the District caused him tortuous injury within the District of Columbia. The injuries about which the plaintiff complains occurred at FCI Elkton and FCI Petersburg, in Ohio and in Pennsylvania. Therefore, this Court lacks personal jurisdiction over them for activities taking place outside the District. See Farmer v. Moritsugu, 163 F. 3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).

### c. In Personam Jurisdiction Requires "Minimum Contacts."

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal

5

jurisdiction.' [D.C. Code] § 13-423(b); Bayles v. K-Mart Corp., 636 F.Supp. 852, 854 (D.D.C.1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. See Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against all these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. The mere fact that defendants are employees of the Federal Bureau of Prisons, and the Central Office of the agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); Reuber v. U.S., et al., 750 F.2d 1039 at 1049-1050 (D.C. Cir.1984); see James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945). In this case these non-resident defendants lack

the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in Pennsylvania. Therefore, Defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

> **B.     Plaintiff Has Not Perfected Service Against the Individual Federal Defendant Joseph Brooks as Required By Rule 4(e) of the Federal Rules of Civil Procedure.**

Individual defendant Joseph Brooks was not properly served with the complaint in this matter. Plaintiff was ordered by this Court to provide a full name and address on defendant Brooks by September 28, 2005 or face dismissal of this defendant. See Docket No. 17. As of the date of this Motion to Dismiss, service upon this individual has never been executed, in either an official or individual capacity. It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980). There is no record that defendant Brooks was personally served consistent with the federal rules.

Because the record in this action is devoid of any evidence of proper personal service upon federal defendant Brooks in his individual and official capacity, this action cannot proceed against him and all claims against the defendant should be dismissed.

The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met.  Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982).  It is the plaintiff in a civil action who has the burden of establishing the validity of service of process.  See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of process under Rule 12(b)(5).  Accordingly, claims against defendant Brooks should be dismissed.

      **C.**     ***Respondeat Superior* Liability Is Not Available in Bivens.**

Additionally, defendant Warden Brooks is not personally liable for constitutional torts of employees he supervises under the doctrine of *respondeat superior*.  Monell v. Department of Social Services, 436 U.S. 658 (1978); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993); Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996).  In Cameron, the D.C. Circuit dismissed the Attorney General and Director from the suit because the complaint failed to allege their personal involvement and was based solely "on the bare assumption" that policy decisions in the District of Columbia influenced the prisoner's treatment in a federal prison in Indiana.  Id. at 258.

In the Meyer case, 911 F. Supp. at 15, this Court discussed *respondeat superior* within the context of federal inmate lawsuits:

> Absent any allegations that defendants Reno and Hawk personally participated in the events which gave rise to the plaintiff's claims, or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in the improper securing of detainers against the plaintiff by their subordinates, dismissal is appropriate. See Haynesworth v. Miller, 820 F.2d 1245, 1259 (D.C. Cir. 1987) (fellow government employees cannot be held liable under the theory of *respondeat superior* for either constitutional or common law torts); Smith-Bey v. District of Columbia, 546 F. Supp. 813, 814 (D.D.C. 1982) (same). *Respondeat superior* has been consistently rejected as a basis for the imposition of § 1983 or Bivens liability. See, e.g., Monell v. Dep't of Social Srvcs., 436 U.S. 658, 691 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Boykin v. District of Columbia, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); and Tarpley v. Greene, 684 F.2d 1, 9-11 (D.C. Cir. 1982). Therefore, any potential § 1983 or Bivens claims against these defendants, whose only relationship to the instant litigation is their ultimate supervisory status, must be dismissed.

"Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). Individual liability for damages for violation of constitutional rights is predicated upon personal responsibility. Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984).

Plaintiff makes no allegations to support a claim against Warden Brooks in his individual capacity. There is no allegation that he participated in any decision or approved of any policy that related to the case. Rather, just as in the Cameron case, the plaintiff seems to be basing his claim against the Warden in his individual capacity on an assumption that based on his position, he bears responsibility for the acts of his subordinates. This is an insufficient basis upon which to maintain a Bivens claim. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, plaintiff has failed to state a claim against the Warden in this Bivens action and he must be dismissed as a defendant.

Furthermore, it would appear that similar theories are being applied with respect to

9

Defendants Lappin, Watts, White, and Gottlieb, who appear to be named herein based solely on their positions in the Bureau of Prisons and a perceived lack of intervention in the medical treatment incident at FCI Elkton. Obviously, these defendants were not personally involved in that incident, and cannot be held liable without an allegation of personal involvement.

Therefore, these defendants should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure, and under the Prison Litigation Reform Act.

### D. Defendant Officials May Not Be Sued for Damages In Their Official Capacities.

To the extent plaintiff may be attempting to recover damages from named employees in their official capacities, such relief is unavailable. Absent a specific waiver by the government, sovereign immunity also bars constitutional suits for money damages against government employees in their official capacity, even in cases where the employees acted outside their authority. Clark v. Library of Congress, 750 F.2d 89, 103-04 (D.C. Cir. 1984).

### E. Defendants Are Entitled to Qualified Immunity.

The plaintiff is seeking monetary damages against these defendant government officials. Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a

case is erroneously permitted to go to trial." Id.  The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson, 483 U.S. at 640).
>
> By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. See Harlow, 457 U.S. at 813-14.  In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a correctional official is entitled to qualified immunity from personal liability for money damages, there is a two-step process that must be followed by a federal court. Saucier v. Katz, 121 S. Ct. 2151 (2001).  A court must always begin with this first step: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 2156.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.  On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id.  Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity.

See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

As set forth above, there is no constitutional cause of action stated herein against these defendants, because they were not alleged to be personally involved in plaintiff's medical treatment incident. Because there is no constitutional violation, the defendants are entitled to qualified immunity, and this case must be dismissed.

**F.     The Case Must Be Dismissed or Transferred for Improper Venue.**

In contrast to an official capacity claim against a federal employee, which seeks relief from the United States, an individual-capacity claim against a federal employee seeks recovery from the personal financial assets of the employee. See Hafer v. Melo, 502 U.S. 21, 25 (1991).

Venue in this Bivens case is governed by the provisions of 28 U.S.C. §1391(b), which provides in applicable part:

> (b)     A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In Stafford v. Briggs, 444 U.S. 527, 542 (1979), the Supreme Court stated that this provision, rather than the more permissive venue provisions of 28 U.S.C. §1391(e), are applicable in Bivens actions:

> What emerges is that the bill's author, the Committees, and the Congress intended nothing more than to provide nationwide venue for the convenience of individual plaintiffs in actions which are nominally against an individual officer but are in reality against the Government. A suit for money damages which must be paid out of the pocket of the private individual who happens to be--or formerly was--employed by the Federal Government plainly is not one "essentially against the United States," and thus is not encompassed by the venue provisions of Section 1391(e).

Noting that Congress did not intend to require "those serving their Government the burden of defending personal damages actions in a variety of distant districts. . . ," Id., 444 U.S. at 545, the Court found that these federal officers should be treated like others who are sued for personal damages, and the provisions of 28 U.S.C. §1391(b) should govern.

Plaintiff has provided no evidence that the defendants reside in the same State, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996). Additionally, plaintiff has not even properly served defendant Brooks, the former Warden of FCI Elkton in Ohio, at this time. Plaintiff's complaint involves allegations related to actions that took place in Ohio and Pennsylvania, not in the District of Columbia. This case should therefore be dismissed under Rule 12(b)(3), Federal Rules of Civil Procedure.

To the extent that any portion of this case might withstand the PLRA dismissal arguments made below, it is inappropriately brought in the United States District Court for the District of Columbia. This is an individual claim that involves factual issues arising in the Northern District of Ohio. Nevertheless, 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may

have been brought.

The United States Court of Appeals for the District of Columbia has held that cases such as this one should not be heard in the District of Columbia, but should instead be transferred to the judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). The Court of Appeals recognized that even if venue is technically appropriate, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." Id. at 925. Rather, where the records, witnesses, and counsel for the case are located near the prison and there is no issue of national importance raised by the complaint, "transfer of the complaint to the district of the plaintiff's incarceration is indicated." Id. at 933; see also Lincoln v. Bureau of Prisons, Civ. No. 96-2325, at 2 (D.D.C. May 2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who incarcerated elsewhere.")

     The D.C. Circuit in Starnes set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Starnes, 512 F.2d at 929-33.

     In this case, these factors strongly support the appropriateness of transfer. This is a pro se case so communication with counsel is not an issue. The majority of witnesses and records that

would be involved in litigating plaintiff's medical treatment issues are all at FCI Elkton, Ohio. There is no national policy challenge. Problems associated with moving an inmate for hearings are minimal, now that the PLRA provides for telephonic pre-trial hearings "to the extent practicable." See 42 U.S.C. 1997e(f). To the extent it survives dismissal under the PLRA as discussed below, this case should be transferred to the Northern District of Ohio, where plaintiff was housed when the matters giving rise to this complaint took place. It is there that most of the witnesses and documents involved are located, and where jurisdiction and venue can be readily achieved. Nevertheless, defendants urge that dismissal, not transfer, is appropriate. Compare Simpkins v. District of Columbia, 108 F.3d 366 (D.C. Cir. 1997) (appropriate to dismiss in substantial Bivens actions rather than transfer).

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed. If it is not dismissed, it should be transferred to the Northern District of Ohio pursuant to 28 U.S.C. §1404(a).

January 3, 2006.                           Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

___/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 307-1249; (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 3, 2006, I caused service of the foregoing to be made on the *pro se* plaintiff:

William Shorter, Jr.
Reg No. 42863-083
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512


\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney