UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WILLIAM SHORTER, JR.,                )
                                     )
          Plaintiff,                 )
                                     )
     vs                              )    Cv. Action No.: 05-1203(RBW)
                                     )
HARLEY LLAPPIN, et al,               )
                                     )
          Defendants,                )
                                     )

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Comes the plaintiff, William Shorter, Jr., pro se, and in opposition to defendant's motion to dismiss does state as follows:

When considering the defendant's Motion to Dismiss (the "Motion"), the court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Mayes v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)). In doing so, the Court "is limited to evaluating whether a plaintiff's complaint sets forth allega-tions sufficient to make out the elements of a cause of action." Powell v. Morris, 184 F.R.D. 591, 593 (S.D. Ohio 1998) (citing

-1-

Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983)).

The plaintiff is prepared to deal with certain defects in this litigation, but avers that clearly he has established facts and allegations that can be proven and do entitle him to relief.

## ERRORS IN DEFENDANT'S MEMORANDUM

In defendant's introduction, defendants refer to the plaintiff as "inmate William Shorter, Register Number 42863-083." This is a question and basis of other litigation. The plaintiff is William Shorter, Jr., and indeed his assumed registration number is 42863-083. The plaintiff continuously argues that a William Shorter was indicted, convicted, and sentenced and the plaintiff William Shorter, Jr., is not that person, but is nevertheless improperly imprisoned for the crimes of William Shorter who is not the plaintiff herein.

Secondly, the introduction by defendants states the plaintiff was housed at the Federal Medical Center in Elkton, Ohio. On information and belief, the prison at Elkton, Ohio, is not a Medical Center, but is a Federal Correctional Institute.

## A.   LACK OF IN PERSONAM JURISDICTION

Upon further research and considering the defendant's motion the plaintiff concedes that jurisdiction and venue is not proper with this court for a number of reasons, it is clear that both jurisdiction and venue are proper in the United States District Court for the Northern District of Ohio and plaintiff respectfully

-2-

requests this court transfer this matter to the Northern District of Ohio pursuant to 28 USC § 1404(a).

### B.   FAILURE TO SERVE DEFENDANT JOSEPH BROOKS

The defendants allege that the plaintiff was ordered by this court to provide a full name and address on defendant Brooks by September 28, 2005 ."or face dismissal of this defendant." The plaintiff does hereby swear and affirm under penalty of perjury that he has not received any such order. The only order the plaintiff ever received was docket entry 4 dated June 20, 2005, concerning his application to proceed in forma pauperis.

In any event, upon subsequent research and in full consideration of defendant's motion, the plaintiff does voluntarily dismiss and release defendant Brooks from this matter to the extent that plaintiff improperly proceeded under a theory of respondent superior, which is not applicable in this matter.

### C.   RESPONDENT SUPERIOR LIABILITY NOT AVAILABLE IN BIVENS CLAIM

The plaintiff is a pro se litigant diligently seeking justice and damages from those defendants liable for harming him as set forth in the complaint. Plaintiff erroneously believed it was proper to include the chain of command; he now understands such theory is not appropriate. For this reason, the plaintiff seeks to have the following defendants voluntarily dismissed with prejudice from this complaint:

1. Defendant Harley Lappin, Director FBOP

2. Defendant Harrell Watts, Nat. Admin. Remedy Coordinator FBOP

3. K.M. White, Mid-Atlantic Regional Director

4. Defendant Denise M. Gottlieb, Mid-Atlantic Remedy Clerk

5. Defendant Joseph M. Brooks

6. John Doe 2, Warden at FCI Elkton.

All of the above defendants had no direct dealings or involvement with the events complained of herein.

## D.  REMAINING DEFENDANTS NOT ENTITLED TO QUALIFIED IMMUNITY

The defendants are claiming to be entitled to qualified immunity which shields government officials from suit in performance of a discretionary function.  See generally 28 USC § 2680(a). This reliance is misplaced because in this instance the officials conduct violated a clearly established constitutional right which a reasonable person would have known.  Harlow v. Fitzgerald, 477 U.S. 800, 818 (1982).

The test for whether the exception applies was enunciated by the Supreme Court in United States v. Gaubert, 499 U.S. 315 (1991). The two-part test first asks whether the act at issue involved an element of judgment or choice.  Id. at 322.  If so, the inquiry turns to whether the judgment was "of the kind that the discretionary function was designed to shield." Id. at 322-23 (citation omitted).  Specifically, this inquiry focuses "on the nature of

the actions taken and on whether they are susceptible to policy and analysis." Id. at 325.

The claims set forth against the remaining defendants are essentially that the defendants failed to provide a proper level of medical care in an emergency, thereby significantly worsening the damages to the plaintiff. In addition, there are allegations dealing with the hiding or covering up of relevant materials to obstruct plaintiff's ability to seek relief in this matter.

There is no question that anything involving a medical issue and the rendering of medical care requires the constant exercise of judgments in providing said care. Accordingly, because existing statutes, policies, and regulations allowed FCI Elkton medical personnel to exercise judgment when making decisions regarding plaintiff's healthcare, the ultimate issue in this case is whether that judgment was of the kind the discretionary function exception was designed to shield. In considering this, there is a presumption that the FCI Elkton medical personnel were grounded in policy when they exercised that discretion. If, however, plaintiff aleges "facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime," then the defendants' motion must fail.

In the instant matter the plaintiff has pled: (1) that he was taken to the clinic at FCI Elkton at 10:00 a.m. on August 13, 2002, complaining of serious pain consistent with his known heart

-5-

condition and that he was not properly treated. (Complaint at pgs 24-36); (2) that the defendants waited until 3:00 p.m. to bring the plaintiff to the clinic where he was diagnosed with a[nother] heart attack. (Complaint at pgs 37-43).

Obviously, the defendants cannot now say that ignoring the symptoms of a heart attack and refusing a doctor was some sort of policy. The needless six (6) hour delay before deciding to take plaintiff to the hospital was not any form of policy. To make such claims would be pure sophistry. The conduct claimed by the plaintiff against the defendants can by no means be considered to be policy or the interpretation of any policy. Therefore, the claim of qualified immunity must fail.

### E.  PLAINTIFF'S CLAIMS SUFFICIENT TO PROCEED

The defendant asserts that plaintiff's complaint contains "no specific allegations," and that the allegations it does contain "are all conclusory in nature." The Federal Rules of Civil Porcedure, however, "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). Such pleading "is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and

defense and to define more narrowly the disputed facts and issues."
Id. at 47-48 (citations omitted).

Plaintiff has alleged facts sufficient to entitle him to
proceed with the litigation. While "discovery may disclose that
the entire story has been concocted from whole cloth, or is a
patent exaggeration... that is not the standard of review under
Rule 12(b)(6). To the contrary, [the Court must] assume that
everything alleged in the complaint is true." Columbia Natural
Res., Inc. v. Tatum, 58 F.3d 1101, 1111 (6th Cir. 1995).

## CONCLUSION

For all of the above, the plaintiff prays this court to:

1.    Transfer the action to the United States District Court,
      Northern District of Ohio pursuant to 28 USC § 1404(a).

2.    Dismiss the defendants set forth herein with prejudice.

3.    Verify service or cause remaining defendants to be iden-
      tified and served in accordance with the Court's policies.

4.    Grant any other relief to which plaintiff is entitled.

                              Respectfully submitted,


                              William Shorter, Jr.
                              Plaintiff Pro Se
                              #42863-083   HCU
                              Federal Medical Center
                              P.O. Box 14500
                              Lexington, KY 40512

-7-

## CERTIFICATE OF SERVICE

I, William Shorter, Jr., do hereby certify that the original of this document, Plaintiff's Response in Opposition, was filed with the Court Clerk identified below and a true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the _25_ day of _JANUARY_ 2006.

*William Shorter, Jr.*
William Shorter, Jr.
#42863-083  HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Clerk of the Court
U.S. District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

John F. Henault, AUSA
555 4th Street, N.W.
Washington, DC 20530