## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **WILLIAM SHORTER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 05-1203 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HARLEY LAPPIN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant, the Federal Bureau of Prisons ("BOP"), by and through its undersigned counsel, respectfully submit its Reply in support of Defendants' Motion to Dismiss. ("Def's. Motion").

Plaintiff's opposition acknowledges several points addressed in Defendants' Motion to Dismiss. First, plaintiff concedes that venue is inappropriate in the District of Columbia. Second, plaintiff concedes that the Court has no personal jurisdiction over the defendants. Third, plaintiff concedes that he has not properly served defendant Brooks and appropriately requests his dismissal from the case with prejudice. Fourth, plaintiff concedes that he has improperly sued the BOP chain of command under the *respondent superior* argument and requests dismissal with prejudice of the following defendants: Lappin, Watts, White, and Brooks. Defendant agrees with this determination that the above-listed defendants should be dismissed in their individual and official capacities.

As a result of plaintiff's concessions, it appears the only defendant remaining in the case at this time is the Federal Bureau of Prisons (BOP) and several John Does (who are not a party to this action and who have not been served).

Plaintiff's opposition, in summary, argues that (1) the court should verify service and identify the remaining John Doe defendants; and (2) that BOP is not entitled to qualified immunity; and (3) and that defendant failed to provide a proper level of medical care in an emergency.

Defendant disagrees, however, that the proper course of action would be to transfer this case to the Northern District of Ohio because plaintiff has provided no evidence to rebut defendants' arguments stated in defendants' Motion to Dismiss and his complaint still suffers from numerous fatal deficiencies.

1.    **PLAINTIFF CANNOT MAINTAIN A <u>BIVENS</u> ACTION AGAINST THE BOP**

The only remaining defendant in this case is the Federal Bureau of Prisons. Therefore, plaintiff has failed to state a proper <u>Bivens</u> claim. <u>See</u> <u>Bivens v. Six Unknown Named Agents</u>, 91 S. Ct. 199. A <u>Bivens</u> action must be brought against a federal official in his or her individual capacity. The doctrine of Sovereign Immunity bars an action against either the United States or its agencies. <u>United States v. Mitchell</u>, 100 S. Ct. 1349, 1351 (1980); <u>Schenker v. United States Parole Commission</u>, 85 F.R.D. 696, 696 (D.Colo. 1980). In the present case, plaintiff has now improperly and exclusively named a federal agency as his sole defendant. Clearly, a <u>Bivens</u> action cannot be maintained against a federal agency. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 478 (1998) (no Bivens cause of action against the federal government).

Even under the liberal standard applied to *pro se* plaintiffs, this plaintiff has failed to meet the requirements necessary to sustain a <u>Bivens</u> action and, therefore, has failed to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  Accordingly, the <u>Bivens</u> complaint against the BOP should be dismissed.

### 2.    CLAIMS AGAINST "JOHN DOE'S" MUST BE DISMISSED

Plaintiff alleges that several "John Doe's" are responsible for the actions alleged herein.  However, this Court does not have jurisdiction over "John Doe."  <u>Shipkovitz v. Mosbacher</u>, Civ. A. No. 90-2159 (CRR), WL 251864 (D.D.C. November 12,1991).  State law determines whether constructive service may be made upon John Doe defendants in tort cases.  <u>See</u> Fed.R.Civ.P. 4(c)(2)(C)(i).  Because the District of Columbia Code does not provide for such constructive service, the claims against the John Does must be dismissed for lack of personal jurisdiction.  <u>See</u> <u>Thompson v. Tanner</u>, 287 F. 980, 989 (D.C. Cir. 1923).  Accordingly, the claims against the John Does must be dismissed.

### 3.    NO VIOLATION OF THE EIGHT AMENDMENT

Even if the claims could proceed against BOP, the plaintiff's allegations do not state a claim against the BOP for violation of a constitutional right.  To state an Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Charles v. Kelly</u>, 790 F. Supp. 344, 347 (D.D.C. 1992); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  This standard requires the Court to examine (1) the effect of the injury/loss to the plaintiff and (2) the intent of the state official.  <u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 266 (D.D.C. 1995).  Moreover, [i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with

establishing conditions of confinement, supplying medical needs or restoring official control over a tumultuous cellblock.  Whitley v. Albers, 475 U.S. 312, 319 (1986).

      To constitute cruel and unusual punishment, conduct must involve more than ordinary lack of due care.  Negligence does not state a claim.  Id.; Morgan v. District of Columbia, 824 F.2d 1049, 1057 (D.C. Cir. 1987).  Here, the plaintiff has failed to allege any conduct on the part of any person which rises to the level of a violation of the Eighth Amendment.  Additionally, the plaintiff does not allege which defendant made this allegedly improper level of emergency care; therefore the Court can hold none of the defendants personally responsible for the alleged violation.

      An Eighth Amendment claim requires that a prison official show deliberate indifference to the prisoner's medical condition.  Pryor El, 892 F. Supp. at 267 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).  Deliberate indifference is manifested when prison officials deny, delay or intentionally interfere with a prisoner's medical treatment.  Estelle, 429 U.S. at 104-105.  Allegations that a defendant purposefully ignored or failed to respond to a prisoner's pain will state a cause of action under the Eighth Amendment.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (delay of surgery despite diagnosis of a herniated disk and ongoing complaints of pain by plaintiff stated cause of action under the Eighth Amendment).  Allegations of negligent medical treatment alone, however, do not state an Eighth Amendment claim.  Estelle, 429 U.S. at 105-106.

      In this case, plaintiff has, at most, alleged negligence.  Plaintiff has alleged no facts which indicate that defendants' failure to provide treatment was deliberate.

**Conclusion**

Plaintiff has presented no evidence to overcome the numerous deficiencies in his complaint. For the foregoing reasons, Defendants' Motion to Dismiss should be granted and this action should be dismissed as to the remaining defendants in this action.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

**_____**I certify that on February 10, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

William Shorter, Jr.
Reg No. 42863-083
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

_____/s/_____
John F. Henault
Assistant United States Attorney