## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM SHORTER, JR.,

        Plaintiff,

  v.                                Civil Action No. 05-1203 (RBW)

HARLEY LAPPIN, et al.,

        Defendants.

### MEMORANDUM OPINION

Plaintiff, an inmate in the federal prison system proceeding *pro se*, has filed this action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (2000), alleging that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The complaint names as defendants Harley Lappin, the Director of the Bureau of Prisons ("BOP"), Joseph M. Brooks, the Warden at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton"), and twelve other employees at the FCI-Elkton, including Harrell Watts, K.M. White, and Denise M. Gottlieb and nine John Doe defendants. Defendants have filed a motion to dismiss. Based on the allegations in the complaint, the parties' filings, and applicable legal authority, the Court will grant the motion.

### I. BACKGROUND

The events that are alleged in the complaint occurred while plaintiff was incarcerated at FCI-Elkton. Complaint ("Compl.") ¶ 5. Plaintiff alleges that on August 13, 2002, he

1

approached a correctional officer and complained of severe chest pain. *Id.* ¶ 24. Plaintiff

informed the officer that he was a heart patient and needed to see a doctor immediately. *Id.* The

officer permitted plaintiff to go to the prison's medical department with the assistance of another

inmate. *Id.* ¶ 25.

Plaintiff was interviewed by a physician's assistant ("PA"). *Id.* ¶ 27. Plaintiff advised

the PA that he was in severe pain and needed to be seen by a doctor. *Id.* Plaintiff also informed

the PA that he had already taken nitroglycerin tablets, but the medication had not relieved his

pain. *Id.* ¶ 30. The PA was unable to get a proper blood pressure reading, so he instructed

plaintiff to lie down and to advise his unit officer if the condition worsened. *Id.* ¶¶ 28-29.

When plaintiff returned to his cell, he claims that he lost all control of his bodily

functions and experienced increased pain. *Id.* ¶ 37. As a result of his deteriorated condition, the

unit officer returned plaintiff to the medical department. *Id.* ¶ 38. Plaintiff alleges that he waited

for five hours before seeing a doctor. *Id.* Thereafter, plaintiff was transported to a hospital

outside of the prison. *Id.* ¶ 40. According to plaintiff, the cardiac specialist at the hospital stated

that plaintiff had suffered two heart attacks within a matter of hours, causing irreversible damage

to his heart tissue. *Id.* ¶ 41. The specialist informed plaintiff that if he had received treatment

after the first attack, it may have prevented or lessened the severity of the second attack. *Id.* ¶ 42.

In order to improve plaintiff's circulation, the doctor installed an arterial stent. *Id.* ¶ 41.

On or about August 15, 2002, plaintiff was transferred by the BOP to the Federal

Correctional Complex in Petersburg, Virginia ("FCC-Petersburg"). *Id.* ¶ 45. Plaintiff alleges

that from that date until July, 2003, he was deprived of adequate medical care, including limited

follow-up care, problems with filling his prescriptions, and a lack of proper medical equipment.

*Id.* ¶ 46.  During this time period, plaintiff experienced chest pain, numbness in his arm and face, shortness of breath and headaches.  *Id.* ¶ 47.  Plaintiff unsuccessfully attempted to resolve these problems by filing an administrative remedy request within FCI-Elkton.  *Id.* ¶¶ 47-50.  Plaintiff appealed the denial of his claim to the BOP's Mid-Atlantic Region.  *Id.* ¶¶ 8-9, 51.  On November 3, 2003, defendant K.M. White, the Regional Director, denied plaintiff any relief on the ground that he was already receiving medical treatment.  *Id.* ¶¶ 8, 52.

Plaintiff appealed the Regional Director's decision to the BOP's Central Office.  *Id.* ¶ 53. On December 15, 2003, defendant Harrell Watts, BOP's Regional Administrative Remedy Coordinator, denied plaintiff's claim.  *Id.* ¶¶ 7, 54.  Plaintiff then filed a tort claim with the Civil Division of the Department of Justice ("DOJ") on June 19, 2004, *id.* ¶ 66, seeking $1.5 million in damages.  *Id.*  On December 10, 2004, the BOP denied plaintiff's claim, finding that the medical care he was provided was appropriate and that there was no evidence of negligence on the part of BOP employees.  *Id.*

## II. STANDARD OF REVIEW

Defendant moves to dismiss this case on the grounds of lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

Plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp. 2d 34, 42 (D.D.C. 2003).  In order to meet this burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.  *Id.*  Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.  *Id.*  In deciding a motion to dismiss for lack of personal jurisdiction under Rule

12(b)(2), the Court need not treat plaintiff's allegations as true.  *Id.*  Rather, the Court may

consider and weigh affidavits and other relevant matter in making the jurisdictional

determination.  *Id.*

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant moves to

dismiss the complaint based on improper venue.  Alternatively, defendant requests that the case

be transferred to the Northern District of Ohio.  In ruling on such a motion, the Court must

accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of

the plaintiff.  *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 277 (D.D.C.2002); *2215 Fifth*

*St. Assocs. v. U Haul Int' l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001).  The court, however,

need not accept the plaintiff's legal conclusions as accurate. *2215 Fifth St. Assocs.,* 148

F.Supp.2d at 54.  To prevail on a motion to dismiss for improper venue, the defendant must

present facts that will defeat the plaintiff's venue assertion.  *Id.*

In addressing a Rule 12(b)(6) motion, the court can only consider the facts alleged in the

complaint, documents attached or incorporated by reference into the complaint, or matters about

which the court can take judicial notice.  *EEOC v. Xavier Parochial Sch. St. Francis*, 117 F.3d

621, 624-25 (D.C. Cir. 1997).  The court may dismiss a complaint on the ground that it fails to

state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of

facts in support of her claim that would warrant relief.  *Kowal v. MCI Communications Corp.*, 16

F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F.Supp. 1, 5 n. 2 (D.D.C.

1995).

## II.  DISCUSSION

The BOP moves to dismiss the claims against the personnel employed at the FCI-Elkton

facility on the ground that this Court lacks personal jurisdiction over them.  The District of

Columbia long-arm statute, D.C. Code § 13-423 (2001), is the only basis upon which personal

jurisdiction may be exercised over defendants who do not reside within or maintain a place of

business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C. Cir.

1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D. D.C. 1995). The District of Columbia long-arm

statute provides that a Court may exercise personal jurisdiction over those who have (1)

transacted business in the District of Columbia; (2) contracted to supply services in the District

of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the

District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside

the District while regularly doing or soliciting business or engaging in any other persistent course

of conduct in the District. D.C. Code § 13-423(a)(1)-(4).

For this Court to have personal jurisdiction under the District of Columbia long-arm

statute, "plaintiff must allege some specific facts evidencing purposeful activity by [the]

defendants in [this jurisdiction] by which they invoked the benefits and protections of [the

District's] laws and specific acts connecting the defendants with [this] forum." *See, e.g.,*

*Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994). At the very least,

plaintiff must allege a tortious injury in the District of Columbia even if the act causing the injury

took place elsewhere. D.C. Code § 13-423(a)(4); *see Crane v. Carr*, 814 F.2d 758, 762-63 (D.C.

Cir. 1987); *Blumenthal v. Drudge*, 992 F.Supp. 44, 53-54 (D.D.C. 1998).

Defendants Joseph M. Brooks and John Does 1 through 9 are all employees at FCI-

Elkton.  Plaintiff has made no allegation that these defendants reside in the District of

Columbia, that they have transacted business in the District,  committed a tortious act or caused a

tortious injury in the District. Plaintiff, in fact, makes no allegation regarding a nexus between the District of Columbia and any of these defendants. This Court is therefore compelled to conclude that it lacks jurisdiction over all of these defendants.

Defendants Harley Lappin, Harrell Watts, K.M. White, and Denise M. Gottlieb are employed by BOP either at the Mid-Atlantic Regional office in Maryland or BOP headquarters in the District of Columbia. *See* Compl. ¶¶ 6-9. The only connection these defendants have with the District of Columbia is that they are or were employed by the Bureau of Prisons, which is headquartered in the District. This fact, by itself, is insufficient to confer personal jurisdiction over these defendants. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). In fact, plaintiff concedes that this Court lacks personal jurisdiction over all of the named defendants and that venue is improper in the District of Columbia. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Pl.'s Resp.") at 2-3. The Court agrees, and accordingly concludes that it lacks personal jurisdiction over these defendants also.

Plaintiff also agrees with defendants' argument that he cannot pursue a claim against defendants Lappin, Watts, White, Gottlieb and Brooks based on *respondeat superior* liability. *Id.* at 3-4. Plaintiff therefore moves to dismiss these defendants with prejudice. *Id.* at 3. Thus, dismissal as to these defendants is also required under Rule 12(b)(6).

The remaining defendant is the BOP. Plaintiff requests that the case be transferred to the proper venue, the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) (2000). Pl.'s Resp. at 7. Defendants oppose transferring the case on the grounds that: (1) plaintiff cannot maintain a *Bivens* action against either the United States or its agencies; (2) even if the BOP were subject to liability under *Bivens*, it had qualified immunity;

6

and (3) the allegations in the complaint do not constitute an Eighth Amendment violation.  The

Court agrees with the first of these arguments and therefore need not reach the other two.

A *Bivens* action can only be properly brought against a federal employee in his or her

individual capacity.  *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir.

1997).  Because the only remaining portion of plaintiff's complaint is brought against the BOP, it

fails to state a claim upon which relief can be granted under *Bivens*.  *See FDIC v. Meyer*, 510

U.S. 471, 486 (1994); *Henry v. Bureau of Prisons*, 2006 WL 156704 at *1 n. 1 (D.D.C. Jan. 20,

2006).

Plaintiff has also brought a claim under the FTCA.   Pursuant to this statute, district

courts have jurisdiction over claims arising from torts committed by federal employees in the

scope of their employment.  *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C.

Cir. 2001).  The FTCA is the exclusive remedy for torts committed by federal employees.  *United

States v. Smith*, 499 U.S. 160, 163 (1991).   However, the FTCA only authorizes a limited waiver

of the United States' sovereign immunity.  *Tri-State Hospital Supply Corp. v. United States*, 341

F.3d 571, 575 (D.C. Cir. 2003); *GAF Corp. v. United States*, 818 F.2d 901, 903 (D.C. Cir. 1987).

The United States, including its agencies, cannot be sued for damages for constitutional torts.

*Meyer*, 510 U.S. at 477-78.  Since plaintiff is seeking monetary damages for alleged violations of

the Eighth Amendment, due process and equal protection, the BOP cannot be sued under the

FTCA and this Court lacks subject matter jurisdiction over the claim.  *See Henry*, 2006 WL

156704 at *1.[1]

---

[1] Plaintiff also brings a negligence claim against the John Doe defendants.  *See* Compl. ¶
73.  As noted above, the Court does not have personal jurisdiction over these defendants.

7

III. CONCLUSION

Based on the foregoing, defendants' motion to dismiss must be granted.  An order

consistent with this Memorandum Opinion is issued separately on this same date.


_____
REGGIE B. WALTON
United States District Judge

DATE: March 20, 2006